D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
Fax: (510) 849-6141
vbaranetsky@revealnews.org

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and JENNIFER GOLLAN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

### INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. The Center for Investigative Reporting ("CIR") and Jennifer Gollan (collectively "Plaintiffs") seek expedited processing and release of agency records requested from Defendant the United States Department of Labor ("DOL") pertaining to agency records made public pursuant to its final rule titled "Improve Tracking of Workplace Injuries and Illnesses," 81 Fed. Reg. 29624 (May 12, 2016) (the "Final Rule").

2. In 2018, Plaintiffs submitted a Freedom of Information Act request (the "Request") to DOL's Occupational Safety and Health Administration ("OSHA") seeking disclosure of federal OSHA forms 300 and 301 ("OSHA Forms") the agency requires from businesses to record workplace

injuries and illnesses.

3. In response, OSHA issued a denial withholding records under Exemption 7(E) and Plaintiffs appealed. To date, Defendant has failed to issue a response, comply with FOIA's statutory deadlines, and has improperly withheld records responsive to the Request.

4. DOL's delay and improper withholding is of particular public concern because the requested forms contain some of the most accurate information on workplace injuries and illnesses. Without these records, workers and their families as well as the public are unable to remain informed about dangerous work environments in a way that could thwart future injuries and even death. Preventing access to these documents is also a serious impediment to corporate accountability. Indeed, the grave public interest in disclosure was made clear when the agency required it under the Final Rule.

5. Claims that these records on workplace safety are exempt as law enforcement records under FOIA's Exemption 7(E) is unjustified because the records were not compiled for law enforcement purposes, the release would not disclose law enforcement techniques and procedures, and disclosure could not logically be expected to risk circumvention of the law.

6. Plaintiffs now ask the Court for an injunction requiring DOL to promptly release the withheld records.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1436, and 5 U.S.C. §§ 701–706.

8. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e) and 1402. Plaintiff CIR has its principal place of business in this district. Plaintiff Jennifer Gollan is domiciled in this district.

9. Assignment to the Oakland Division is proper pursuant to Local Rule 3-2(c) and (d) because a substantial portion of the events giving rise to this action occurred in Alameda County, where Plaintiff CIR's principal place of business is located and most actions in this case occurred.

## PARTIES

10. Plaintiff CIR publishes *Reveal* an online news site at revealnews.org and *Reveal* a weekly public radio show with approximately 2 million listeners a month. Founded in 1977, as the first nonprofit investigative news organization, CIR has received multiple awards for its reporting. CIR is a nonprofit established under the laws of the State of California, with its primary office in Emeryville, California.

11. Plaintiff Jennifer Gollan is a staff reporter for *Reveal* and an employee of CIR.

12. Defendant DOL is a department of the executive branch of the U.S. government and an "agency" within the meaning of 5 U.S.C. § 552(f)(1). OSHA is a component of DOL. DOL has its headquarters in Washington, D.C. and offices all over the country, including in Oakland and San Francisco, California.

## FACTUAL BACKGROUND

### OSHA Forms and Final Rule

13. In 1970 Congress created OSHA, "a national public health agency dedicated to the basic proposition that no worker should have to choose between their life and their job." OSHA, *All About OSHA*, available at, https://www.osha.gov/Publications/all_about_OSHA.pdf; *see also* 29 C.F.R. § 1904.0.

14. "OSHA is committed to protecting workers from toxic chemicals and deadly safety hazards at work, ensuring that vulnerable workers in high-risk jobs have access to critical information and education about job hazards, and providing employers with vigorous compliance assistance to promote best practices that can save lives." *All About OSHA, supra* at 3.

15. Essential to that mission, OSHA states "[t]racking . . . workplace injuries and illnesses play[s] an important role." *Id.* at 17. OSHA requires employers to "[k]eep accurate records of work-related injuries and illnesses," *id.* at 9, and relatedly states that employees have the right to "[r]eceive copies of records of work-related injuries and illnesses that occur in their workplace." *Id.* at 10.

16. More specifically, OSHA requires certain covered employers with more than ten employees in high hazard industries to keep records of serious work-related injuries and illnesses

using OSHA Forms 300, 300A and 301. *Id.* at 17. These employers are also required to post the data for workers in the workplace. *Id.*

17. OSHA Forms were intended to prevent circumvention of the law. OSHA states it "is undeniable that the Publication of worker injury and illness data will encourage employers to prevent injuries and illnesses among their employees through several mechanisms." 81 Fed. Reg. at 29629-30, 29631; *see also id.* (listing seven different ways through which the public disclosure will lead to fewer workplace injuries).

18. Prior to passage of the Final Rule in 2017, OSHA obtained forms 300, 301, and 300A, but on November 24, 2017, the Final Rule, required industries to electronically submit their 2016 summary Form 300As to OSHA by December 31, 2017. *See* 81 Fed. Reg. at 29625 (as amended by 82 Fed. Reg. 55761, 55764 (Nov. 24, 2017), and further amended by Press Release, OSHA, U.S. Labor Department's OSHA Accepting Electronically Submitted Injury, Illness Reports Through December 31 (December 18, 2018), *available at* https://www.osha.gov/news/newsreleases/trade/12182017).

19. The Final Rule states that "OSHA intends to post the establishment-specific injury and illness data it collects under this final rule on its public Web site at www.osha.gov." 81 Fed. Reg. at 29625. OSHA states that such reporting "does not mean that the employer or employee was at fault." *Id.*

20. These same employers are required to submit information for 2017 Forms 300, 301, and 300A by July 1, 2018. *Id.*

21. The Final Rule was intended to provide workers, researchers, the public and workplace safety regulators with critical information about dangerous workplaces. Press Release, OSHA, OSHA's final rule to 'nudge' employers to prevent workplace injuries, illnesses (May 11, 2016), *available at* https://www.osha.gov/news/newsreleases/national/05112016.

22. It was also aimed at encouraging workplaces to fix conditions that were dangerous for workers. OSHA stated, "Just as public disclosure of their kitchens' sanitary conditions

-4-
COMPLAINT FOR INJUNCTIVE RELIEF

encourages restaurant owners to improve food safety, OSHA expects that public disclosure of work injury data will encourage employers to increase their efforts to prevent work-related injuries and illnesses." *Id.*

23. The public need for disclosure of OSHA Forms in promoting workplace safety is incontrovertible. Workers can learn which employers keep their workers safe; researchers ascertain how employers compare to each other and the injury and illness rates for particular industries; and journalists can inform the public about employers with high rates of deaths and injuries and encourage compliance with federal workplace safety laws. *Id.*

24. To date, the agency has failed to make public these records. *See e.g.*, Barry Meier and Danielle Ivory, *Worker Safety Rules Are Among Those Under Fire in Trump Era*, N.Y. TIMES, March 13, 2017, https://www.nytimes.com/2017/03/13/business/us-worker-safety-rules-osha.html; Juliet Eilperin, *OSHA suspends rule requiring firms report injury and illness data electronically*, WASH. POST, May 17, 2017, https://www.washingtonpost.com/politics/osha-suspends-rule-requiring-firms-report-injury-and-illness-data-electronically/2017/05/17/5b26d964-3b35-11e7-9e48-c4f199710b69_story.html?utm_term=.38e8aa75f64a.

25. The disclosure of OSHA Forms has been championed by consumer watchdog groups, workplace safety experts and journalists. *See, e.g.*, Bruce Rolfsen, *Employers' OSHA Injury Records Sought by Workers' Rights Group*, BLOOMBERG, Jan. 23, 2018, https://www.osha.gov/news/newsreleases/national/05112016; Public Citizens Sues DOL, *OSHA over injury records*, SAFETY AND HEALTH, Jan. 24, 2018, http://www.safetyandhealthmagazine.com/articles/16621-public-citizen-sues-dol-osha-over-injury-records; *see also Public Citizen Found. v. Dep't of Labor*, No. 18-117 (D.D.C. filed Jan. 19, 2018).

26. Indeed, various news outlets, including CIR have used these reports as the foundation for numerous news articles that have informed the public about workplace injuries and deaths in countless industries, including shipyards, automotive, oil and gas, and technology. *See, e.g.*, Jennifer Gollan, *The Deadly Danger of Trump's Naval Buildup Plan*, REVEAL, Feb. 10, 2017, https://www.revealnews.org/article/deadly-danger-naval-buildup/; Jennifer Gollan, *He said

*Goodyear rule kept machines on during repair. He died fixing one.*, REVEAL, Dec. 20, 2017, https://www.revealnews.org/article/he-said-goodyear-rule-kept-machines-on-during-repair-he-died-fixing-one/; Caroline O'Donovan, *The Not-So-Wholesome Reality Behind the Making of Your Meal Kit*, BUZZFEED, Oct. 2, 2016, https://www.buzzfeed.com/carolineodonovan/the-not-so-wholesome-reality-behind-the-making-of-your-meal?utm_term=.wmboxDdlO#.ynKmlOvXD; Don Behm, *Machine failure blamed for injuring 8 workers at Saukville foundry*, MILWAUKEE-WISCONSIN J. SENTINEL, May 20, 2014, http://archive.jsonline.com/news/ozwash/machine-failure-blamed-for-injuring-7-workers-at-saukville-foundry-b99274108z1-259929331.html/.

27. Release of the OSHA Forms would inform the public on this important topic of public concern.

**The Request**

28. On January 31, 2018 Ms. Gollan submitted a FOIA request to OSHA seeking records pertaining to OSHA's Forms. A true and correct copy of that letter is attached as Exhibit A.

29. More specifically, it requested that OSHA "provide all data submitted since August 1, 2017 through OSHA's 'Injury Tracking Application' pursuant to the Final Rule 'Improve Tracking of Workplace Injuries and Illnesses.'" *Id.* It added, "Please include electronically submitted information from OSHA Forms 300, 300A, and 301." *Id.*

30. Plaintiffs sought a waiver of search and review fees on the grounds that the CIR qualifies as a "representative of the news media" and that the records are not sought for commercial use. 5 U.S.C. § 552(a)(4)(A)(ii) and (iii).

31. Plaintiffs sought expedited processing on the grounds that there is a "compelling need" for these records because the information requested is urgently needed by an organization primarily engaged in disseminating information in order to inform the public about actual or alleged federal government activity. 5 U.S.C. § 522(a)(6)(E); 29 C.F.R. § 70.25(c)(3).

32. Plaintiff Ms. Gollan certified that all statements were true to the best of her knowledge.

33. On February 22, 2018, Ms. Gollan received a letter denying her request (hereinafter

"the Denial"). A true and correct copy of that letter is attached as Exhibit B.

34. The Denial stated, "OSHA does not have any records pertaining to OSHA Forms 300 or 301." *Id.* It continued, "OSHA has identified approximately 237,000 records that meet the criteria of your request. We are denying your request under Exemption 7(E) of FOIA." *Id.*

35. The Denial explained, "Exemption 7(E) affords protection to all law enforcement information that 'would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, 5. U.S.C. 552(b)(7)(E)." It further explained, "OSHA plans to use the establishment-specific data for enforcement targeting purposes" and therefore release would disclose "OSHA's techniques and procedures for law enforcement" therefore the Form 300A information is exempt." *Id.*

### The Appeal

36. By letter dated March 1, 2018, CIR General Counsel, D. Victoria Baranetsky sent a letter to DOL appealing the Denial (the "Appeal") and requesting an expedited response and processing of the Request. A true and correct copy of the appeal letter (without attachments) is attached as Exhibit C.

37. The Appeal argued that Exemption 7(E) is inapplicable to the requested OSHA Forms because the records were not compiled for law enforcement purposes, the release would not disclose law enforcement techniques and procedures, and disclosure could not logically be expected to risk circumvention of the law.

38. Plaintiffs received a letter dated March 16, 2018 stating that the agency received the appeal and notifying Plaintiffs that "the number of appeals currently awaiting review and decision is very substantial." A true and correct copy of the appeal letter is attached as Exhibit D.

39. To date, DOL has made no final determination as to the appeal.

40. More than 20 working days have passed since Plaintiffs submitted their Appeal on March 1, 2018.

41. DOL has failed to comply with FOIA, 5 U.S.C. § 552(a)(6)(A)(ii), requiring that an agency make a determination with respect to an appeal within the 20 business days.

42. Having exhausted all administrative remedies, Plaintiffs now seeks injunctive relief.

## CAUSE OF ACTION

### Violation of Freedom of Information Act

43. Plaintiffs repeat and reallege paragraphs 1–42.

44. DOL is subject to FOIA and must therefore release in response to a FOIA request any disclosable records in its possession and provide a lawful reason for withholding any materials as to which it is claiming an exemption.

45. DOL has no lawful basis for declining to release the records requested by Plaintiffs under FOIA.

46. DOL has failed to expedite processing.

47. DOL has failed to act on Plaintiffs' appeal within the 20 business days required by FOIA. *See* 5 U.S.C. § 552(a)(6)(A)(i). Accordingly, Plaintiffs are deemed to have exhausted their administrative remedies under FOIA.

48. Plaintiffs are entitled to declaratory and injunctive relief compelling the release and disclosure of the requested records.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs pray that this Court:

1. Declare that Defendant DOL violated FOIA by failing to provide requested records in response to Plaintiffs' FOIA requests and failing to notify Plaintiffs of any determination;

2. Declare that the documents sought by their FOIA request, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

3. Order Defendant DOL to provide the requested documents to Plaintiffs within 20 business days of the Court's order;

4. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA; and

5. Grant Plaintiffs such other and further relief as this Court may deem just and proper.

//

DATED: April 23, 2018

Respectfully submitted,

By: /s/ _____
D. Victoria Baranetsky (SBN 311892)
THE CENTER FOR INVESTIGATIVE REPORTING
1400 65th St., Suite 200
Emeryville, CA 94608
Telephone: (510) 809-3160
Email: vbaranetsky@revealnews.org

Attorney for Plaintiffs