# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and JENNIER GOLLAN,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Defendant. | Case No. 4:18-cv-02414-DMR<br><br>Case Assigned for All Purposes to Magistrate Judge Donna M. Ryu<br><br>**DECLARATION OF DAVID MICHAELS IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND CROSS MOTION FOR SUMMARY JUDGMENT** |

# DECLARATION OF DAVID MICHAELS, PHD, MPM

I, David Michaels, declare as follows:

1. I am currently a Professor of Environmental and Occupational Health at the Milken Institute School of Public Health of the George Washington University, in Washington, D.C.

2. I am an epidemiologist with expertise in the study and prevention of occupational injuries and illnesses. From 2009 until January 2017, I served as Assistant Secretary for the Occupational Safety and Health Administration (OSHA) of the U.S. Department of Labor, the longest serving Administrator in OSHA's history. In addition, from 1998 to 2001, I served as Assistant Secretary of Energy for Environment, Safety and Health.

3. I have published studies on work-related injuries and illnesses in numerous peer-reviewed scientific publications, and I have received numerous awards and recognition for my work. I have served or currently serve on international panels addressing occupational safety and health, including ones focused on the collection and disclosure of work-related injury and illness data.

4. In my role as Assistant Secretary of Labor for OSHA, I proposed the idea that became the electronic reporting rule. From its inception, the primary objective of this rule was to encourage employers to make efforts to reduce injuries and illnesses, without OSHA increasing inspections, by mandating that this information be publicly disclosed. Keeping this information secret conflicts with the spirit of and impetus behind the rule.

5. Public disclosure of the collected data is a central tenet of the rule and is fundamental to its objective of reducing workplace injury and illness, a position that OSHA made clear during the rulemaking process. There is extensive evidence that public disclosure of corporate data changes corporate behavior, and the objective is to encourage employers to voluntarily change their behavior in the absence of an OSHA inspection. Knowing that their injury

rate will be public will encourage employers to abate hazards before workers are hurt, helping OSHA fulfil its vital mission.

6. Publication of workplace accident report data by OSHA is an established and known practice, and consequently this information cannot be characterized as confidential.

7. In the past, OSHA has collected similar data posted it publicly online, with virtually no complaints from any employer. OSHA has published specific injury and illness data from the OSHA Data Initiative on its public website since 2009. These data have been easily available and accessed by the public. The routine release of these data in the past did not impair compliance with the recordkeeping or targeting programs and there is no reason to believe that it will do so in the future.

8. It has been OSHA's intent from the inception of the rule-making process to only post some of the data collected. Certain fields contain information that was not meant to be made public, and, because the data are collected electronically, certain fields can easily be redacted and not shared with the public, making the data at issue segregable under FOIA.

9. Disclosure of this data to the public is not only consistent with OSHA's policies, but with practices of other government agencies such as the Mine Safety and Health Administration, the Federal Railroad Administration, and the Federal Aviation Administration, which post injury-specific data online. These disclosures show that workplace injury data required to be reported to the federal government is not customarily kept confidential, and that private companies are on notice of this policy of disclosure.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct to the best of my knowledge and belief.

Executed October 3, 2019 in Washington, D.C.

                                              /s/ *David Michaels*
                                              David Michaels