DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
PAMELA T. JOHANN (CABN 145558)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California  94012-3495
    Telephone: (415) 436-7025
    FAX: (415) 436-7234
    pamela.johann@usdoj.gov

Attorneys for Defendant U.S. Department of Labor

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CENTER FOR INVESTIGATIVE REPORTING and JENNIFER GOLLAN, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF LABOR, <br><br> Defendant. | Case No. 18-cv-02414-DMR <br><br> **STIPULATION OF SETTLEMENT OF ATTORNEYS' FEES CLAIMS** |
| THE CENTER FOR INVESTIGATIVE REPORTING and WILL EVANS, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF LABOR, <br><br> Defendant. | Case No. 19-cv-05603-SK |

Plaintiffs The Center for Investigative Reporting, Jennifer Gollan, and Will Evans (collectively "Plaintiffs") and Defendant U.S. Department of Labor ("Defendant" or "DOL"), by and through their respective attorneys, hereby stipulate as follows:

1. **Settlement Amount**.  Defendant agrees to pay the sum of $120,000 (one hundred twenty thousand dollars) ("Settlement Amount") to Plaintiffs in full and complete satisfaction of Plaintiffs' claims for attorneys' fees, costs, and litigation expenses under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, in the two above-captioned matters.  This payment shall constitute full and final satisfaction of any and all of Plaintiffs' claims for attorneys' fees, costs, and litigation expenses in the above-captioned matters, and is inclusive of any interest.

2. **Release**.  Upon the execution of this Stipulation, Plaintiffs and their successors or assigns, having received the records they requested, hereby release and forever discharge Defendant, its successors, the United States of America, and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all claims and causes of action that Plaintiffs assert or could have asserted in the two above-captioned cases, or which hereafter could be asserted by reason of, or with respect to, or in connection with, or which arise out of, the FOIA requests on which these actions are based, including but not limited to, all past, present, or future claims for attorneys' fees, costs, or litigation expenses in connection with the above-captioned cases.

3. **Waiver of California Civil Code § 1542**.  The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

Plaintiffs, having been apprised of the statutory language of Civil Code Section 1542, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights they may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiff understand that, if the facts concerning any injuries, liability for damages pertaining thereto, or liability for attorneys' fees, costs or litigation expenses are found hereafter to be other than or different than the facts now believed by it to be true, this Stipulation shall be and remain effective notwithstanding such material difference.

4. **Dismissal of Action**.  Execution of this Stipulation and its approval by the Court shall

constitute dismissal of these cases with prejudice pursuant to Federal Rule of Civil Procedure 41(a).

5. **No Admission of Liability**.  The parties acknowledge that this Stipulation is entered into solely for the purpose of settling and compromising any remaining claims in these actions without further litigation, and it shall not be construed as evidence or as an admission of liability or fault on the part of Defendant, the United States, its agents, servants, or employees regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim raised in these actions, or as evidence or as an admission by Defendant regarding Plaintiffs' eligibility or entitlement to attorneys' fees, costs, or other litigation expenses under FOIA.  This Stipulation shall not be used in any manner to establish liability for fees or costs in any other case or proceeding involving Defendant.

6. **Payment by Electronic Funds Transfer**.  Payment of the Settlement Amount shall be deposited by electronic fund transfer to the bank account designated by Plaintiffs' counsel after receipt of necessary information from Plaintiffs.  Plaintiffs' attorney agrees to provide information necessary to effect the electronic fund transfer to the specified bank account.  Defendant will make all reasonable efforts to make payment within thirty (30) days of the Effective Date of this Stipulation but cannot guarantee payment within that time frame.

7. **Successors and Assigns.** This Stipulation is binding upon and inures to the benefit of the parties hereto and their respective successors and assigns.

8. **Authority**.  The persons signing this Stipulation warrant and represent that they possess full authority to execute this Agreement and to bind the persons on whose behalf they are signing to the terms of the Stipulation.

9. **Tax Liability**.  If any withholding or income tax liability is imposed upon Plaintiffs or Plaintiffs' counsel based on payment of the Settlement Amount, Plaintiffs or Plaintiffs' counsel shall be solely responsible for paying any such determined liability from any government agency.  Nothing in this Agreement constitutes an agreement by Defendant or the United States of America concerning the characterization of the Settlement Amount for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

10. **Enforcement Sole Remedy**.  The parties agree that should any dispute arise with respect to the implementation of the terms of this Stipulation, neither Plaintiffs nor Defendant shall seek to

rescind the Agreement and seek to litigate any causes of action or defenses.  The sole remedy in such a dispute is an action to enforce the Stipulation in the United States District Court for the Northern District of California.

11. **Construction**.  Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Stipulation, that it has had the contents of the Stipulation fully explained to it by such counsel, and that it is fully aware of and understands all of the terms of the Stipulation and the legal consequences thereof.  For purposes of construction, this Stipulation shall be deemed to have been drafted by all parties to this Stipulation and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

12. **Severability**.   If any provision of this Agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

13. **Integration**.  This Stipulation shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Stipulation has been freely and voluntarily entered into by the parties hereto.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation.

14. **Alterations in Writing.**  This Stipulation may not be altered, modified, or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

15. **Execution and Effective Date**.  This Stipulation may be executed electronically and/or in several counterparts, with a separate signature for each party.  All such counterparts and signature pages, together, shall be deemed to be one document.  This Stipulation is effective on the date by which all parties have executed the Stipulation.

16. **Attestation Pursuant to Civil Local Rule 5-1(i)(3).**  In compliance with Civil Local Rule 5-1(i)(3), the filer of this Stipulation attests under penalty of perjury that each signatory has concurred in the filing of this document.

**IT IS SO STIPULATED.**

| | |
|---|---|
| 1  DATED: October 1, 2020 | DAVID L. ANDERSON |
| 2 | United States Attorney |
| 3 |      */s/ Pamela T. Johann* |
| | PAMELA T. JOHANN |
| 4 | Assistant United States Attorney |
| 5 | Attorneys for Defendant U.S. |
| 6 | Department of Labor |
| 7  DATED: October 1, 2020 | THE CENTER FOR INVESTIGATIVE REPORTING |
| 8 | |
| 9 |      */s/ D. Victoria Baranetsky* |
| | D. VICTORIA BARANETSKY |
| 10 | Attorneys for Plaintiffs The Center for Investigative Reporting, Jennifer |
| 11 | Gollan, and Will Evans |

PURSUANT TO STIPULATION IT IS SO ORDERED.

Dated: Oct. 2, 2020

_____
HON. DONNA M. RYU
United States Magistrate Judge

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — "IT IS SO ORDERED / Judge Donna M. Ryu"]*